LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY v. THE INHABITANTS OF THE TOWN OF PHILLIPSBURG.

Submitted July 7, 1905—Decided November 22, 1905.

1. The proceeding to condemn lands for the laying out, opening and establishing new streets authorized by article 5, section 1, of an act entitled "An act to revise and amend the charter of the town of Phillipsburg" (*Pamph. L.* 1872, *p.* 478) are superseded by the provisions of "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use." Revision of 1900; *Pamph. L., p.* 79.

2. The provision of section 17 in the act of 1900, *supra,* excepting from the operation of the act cases of the "taking of land for a public improvement where payments of the award for land taken and damages is authorized by the statute to be set off against or made wholly or partially in benefits to be assessed for the same improvement" does not include the charter of Phillipsburg which contains no provision for any assessment for the cost of the land taken, and which provides only that in estimating and assessing the damages to the landowner by taking his property "the commissioners shall have due regard both to the value of the land and real estate and to the injury or benefit to the owner or owners thereof by making such improvements aforesaid."

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Smith & Brady.*

For the defendant, *J. I. Blair Reilly.*

The opinion of the court was delivered by

GARRETSON, J.　The writ in this case brings up the proceedings and resolutions of the common council of the town of Phillipsburg touching the taking and appropriating of certain lands of the Lehigh Valley Railroad Company for the extending and opening of Sitgreaves street, between Abbett street and Centre street, and the appointment of commissioners to make an estimate and assessment of damages.

The resolution attacked was passed March 20th, 1905, and the writ allowed April 15th, 1905.　The resolution recites that the town is desirous of extending Sitgreaves street, from Abbett street to Centre street, in accordance with an ordinance passed; that certain lands of the prosecutor's are necessary; that it has been unable to agree with the prosecutor for the land necessary, and resolves "that the common council proceed to take and appropriate sufficient land and real estate of the said The Lehigh Valley Railroad Company of New Jersey for the extending and opening of said Sitgreaves street, from Abbett street to Centre street." "That the said common council proceed to appoint three disinterested freeholders, one of whom shall be a resident of the town of Phillipsburg and two of whom shall be residents of the township of Greenwich, of the county of Warren and State of New Jersey, commissioners, to make an estimate and assessment of the damages that the said The Lehigh Valley Railroad Company of New Jersey may sustain by taking and appropriating in the manner provided by law such land and real estate; that the following persons, to wit, James Smith, a freeholder and resident of the town of Phillipsburg, and Owen Oberly and Lewis A. Fisher, freeholders and residents of the township of Greenwich, in the said county of Warren and State of New Jersey, be and they are hereby appointed commissioners for the purpose aforesaid; that these proceedings in the premises be entered on the journal, and that the town clerk, within nine days from the date hereof, furnish the said The Lehigh Valley Railroad Company of New Jersey, with a full copy of the said record."

These proceedings were taken under "An act to revise and

amend the charter of the town of Phillipsburg," approved March 8th, 1872. *Pamph. L., p.* 478. By article 3, section 4, subdivision 5, the common council is authorized to pass and enforce by-laws and ordinances "to ascertain and establish the boundaries of all streets, highways and public alleys of said town; to lay out, open and establish new streets or alleys within said town, and to order and cause any street, road, highway or alley already laid out, and to be located, straightened, altered or widened, and to take and appropriate for such purposes any land and real estate upon making compensation to the owner or owners thereof." *Pamph. L.* 1872, *p.* 485.

By article 5, section 1 (*Pamph. L.* 1872, *p.* 497), it is provided "that whenever the common council shall determine by ordinance to straighten the lines of streets, lanes or alleys, or lay out or open any new street, lane or alley within said town, or make any sewer or drain in any part of the said town, and to take and appropriate for such purpose any lands and real estate, they are hereby authorized to treat and agree with the owner or owners thereof for the same, and for this purpose they may purchase said lands and real estate of the owner or owners thereof as they shall judge reasonable, and shall receive from such owner or owners a conveyance of said lands to said town; *provided, however,* that such agreement shall be in writing, signed by the said owner or owners and reported to the common council, who shall enter the same upon the journal, and shall agree or disagree to the same, and shall furnish the owner or owners of the said land and real estate with a full copy of the said record within three days thereafter, and until such copy is furnished said agreement shall not take effect.

"Sec. 2. That in case no agreement can be made for such purpose, it shall be lawful for the common council to appoint three disinterested freeholders, one of whom shall be a resident of said town and two of whom shall be residents of the township of Greenwich, in the county of Warren, commissioners, to make an estimate and assessment of the damages that any such owner or owners may sustain by taking and

appropriating in the manner aforesaid such lands and real estate; and in estimating and assessing such damages the said commissioners shall have due regard both to the value of the lands and real estate and to the injury or benefit to the owner or owners thereof by making such improvements as aforesaid."

There is no provision in the charter for the assessment of the cost of lands so taken upon the property benefited. The damages so assessed are to be paid by the town treasurer, under the direction of the common council.

The prosecutor assigns as reasons for setting aside the resolution appointing commissioners—

"*First.* Because the common council of the town of Phillipsburg had no authority to pass said resolution or to appoint commissioners to make an estimate and assessment of the damages that may be sustained by the prosecutor by reason of the taking and appropriating of its lands for public purposes.

"*Second.* Because the practice that heretofore existed in condemnation cases authorized by the charter of the town of Phillipsburg was superseded by the provisions of an act of the legislature of the State of New Jersey, entitled 'An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use' (Revision of 1900), approved March 20, 1900."

The seventeenth section of the act last referred to (*Pamph. L.* 1900, *p.* 86) provides: "The practice prescribed by this act shall supersede the existing practice in all condemnation cases for the ascertainment of compensation, except in cases of the taking of land for a public improvement where payment of the award for lands taken and damages is authorized by statute to be set off against or made wholly or partially in benefits to be assessed for the same improvement, in which cases the procedure prescribed by this act shall not be exclusive of the procedure authorized by such statutes, and the municipal corporation or other public body taking lands for a public improvement may elect to proceed under such

statute, and on such election the procedure prescribed by this act shall not apply to such taking."

The benefits referred to in the general act are evidently the special benefits which are assessed upon the property specially benefited by the improvement contemplated and are fixed after the value of the land taken is ascertained. They are an ascertained sum which becomes a debt of the property-owner, and when he comes to receive the full compensation for his property taken, to which he is entitled by law, he receives that full compensation in whole or in part by the cancellation of a debt he owes the municipality.

The benefits to be considered under the Phillipsburg charter are not such special benefits, because none are assessed under that charter, but must be a part of the general benefits shared in by the whole property of the town, as the taxable property of the whole town pays for the cost of the improvement out of the taxes raised. It may be doubtful whether the ascertained value of the landowner's property can thus be reduced and he be paid such reduced sum as the compensation for his property taken for public use. This general benefit cannot be regarded as a debt due from the property-owner to the municipality. It is an increment of value to his property which he is entitled to have added to his property if it has accrued when the commissioners act, in common with all other property-owners.

We think the proceedings should have been under the general act for condemnation of property taken for public use; and the resolution of the common council appointing commissioners to condemn the land of the prosecutor is set aside.

This makes it unnecessary to consider the other reasons alleged against the resolution.